IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

CALVIN BROOKS, #137 190                 *

    Plaintiff,                         *

        v.                              *       2:06-CV-499-MHT
                                                                                               (WO)

TYRONE BARROW, *et al.*,                *

    Defendants.                       *

_____

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On June 2, 2006, Calvin Brooks, an inmate incarcerated at the Easterling Correctional Facility in Clio, Alabama, filed an application for leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). Pursuant to the directives of 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment."

DISCUSSION

Court records establish that Plaintiff, while incarcerated or detained, has on at least three occasions had civil actions and/or appeals dismissed as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants who were immune from suit pursuant to the provisions of 28 U.S.C. § 1915. The cases on which the court relies in finding a violation of § 1915(g) include: (1) *Brooks v. Hackett, et al.*, Civil Action No. 2:95-CV-2058-MHT (M.D. Ala. 1995); (2) *Brooks v. Horn, et al.*, Civil Action No. 2:99-CV-113-ID (M.D. Ala. 2001); (3) *Brooks v. Riddle*, 2:99-CV-320-MHT (M.D. Ala. 2001); and (4) *Brooks v. Kitrell*, Civil Action No. 2:99-CV-855-ID (M.D. Ala. 2001).

The court has carefully reviewed the claims presented in the instant action. The claims before this court do not in any way indicate that Plaintiff "is under imminent danger of serious physical injury" as is required to meet the imminent danger exception to the application of 28 U.S.C. § 1915(g).[2] *Medberry v. Butler*, 185 F.3d 1189 (11th Cir. 1999).

Based on the foregoing, the court concludes that Plaintiff's motion for leave to

---

[2] The court notes that the allegations presented in the complaint include contentions that Defendants are engaged in the "mass murder" of inmates through inadequate medical treatment in order to sell body parts, Defendants use forced administration of a medical treatment programs in order to torture inmates, and that "[t]his court and its judges came up with a plan to bar the plaintiff from filing valid complaints unless his life was in danger." (Doc. No. 1.) A review of these allegations as well as the other claims in Plaintiff's complaint reveals that Plaintiff either lacks standing to bring the claims, *see Allen v. Wright*, 468 U.S. 737, 751 (1984), that the claims describe "fantastic or delusional scenarios" which are subject to dismissal for frivolousness as they are truly delusive and incredible, *see Neitzke v. Williams*, 490 U.S. 319, 328 (1989), or that Plaintiff is not in imminent danger of serious physical injury.

proceed *in forma pauperis* is due to be denied and this case dismissed without prejudice for Plaintiff's failure to pay the requisite $350.00 filing fee upon the initiation of this cause of action. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice wen it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit.").

## CONCLUSION

In light of the foregoing, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed by Plaintiff on June 2, 2006 (Doc. No. 3) is DENIED.

It is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failure to pay the full filing fee upon the initiation of this case.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **June 19, 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the

District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc*)*, adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 5th day of June 2006.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE